# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2164

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin L. Kivett, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: February 2, 2021
Filed: February 16, 2021
[Unpublished]

_____

Before KELLY, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Kevin Kivett appeals the sentence the district court[1] imposed after he pled guilty to drug offenses. His counsel has moved for leave to withdraw, and has filed

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the imposition of a role-in-the-offense sentencing enhancement, Kivett's designation as a career offender, and the substantive reasonableness of Kivett's sentence.

After careful review, we discern no clear error in the district court's imposition of the role enhancement. *See United States v. Camacho*, 555 F.3d 695, 705-06 (8th Cir. 2009) (discussing application of U.S.S.G. § 3B1.1). We decline to address Kivett's challenge to his career-offender status, as his United States Sentencing Guidelines Manual ("Guidelines") range would have been the same without the career-offender designation, and we conclude any error was harmless. *See United v. Sykes*, 854 F.3d 457, 462 (8th Cir. 2017) (reasoning that any error was harmless where it did not change the Guidelines calculation).

Finally, we conclude that the district court did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness); *see also United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (noting within-Guidelines sentence is presumed reasonable). Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____